# **Exhibit B**

SECURITY AGREEMENT

SECURITY AGREEMENT dated January 18, 2013, made by and between Art Assure Ltd. LLC (the "Grantor") and HNW Family Office, AG ("HNW").

W I T N E S S E T H:

WHEREAS, the Grantor and HNW are parties to an Agreement dated as of January 18, 2013 (the "Agreement");

WHEREAS, pursuant to the Agreement, the Grantor has agreed to make future payments to HNW in an aggregate principal amount of $707,415 (the "Amount");

WHEREAS, it is a condition precedent to the Agreement that the Grantor shall have executed and delivered to HNW a security agreement providing for the grant to HNW of a security interest in certain works of art that are owned by the Grantor;

NOW, THEREFORE, in consideration of the premises and the agreements herein, the Grantor and HNW hereby agree as follows:

SECTION 1. Definitions. All terms used in this Security Agreement which are defined in the Agreement or in Article 9 of the Uniform Commercial Code (the "Code") currently in effect in the State of New York and which are not otherwise defined herein shall have the same meanings as set forth therein.

SECTION 2. Grant of Security Interest. As collateral security for payment by the Grantor of the Amount in accordance with the Agreement, Grantor hereby grants to HNW a continuing security interest in the following (the "Collateral"), wherever located:

(a)  all of the Grantor's right, title and interest in and to all the works of art identified on Schedule 1 hereto (which have been appraised at a fair market value in excess of the Amount), and any works that may be substituted therefor in accordance with Section 3 hereto (the "Works");

(b)  all of the Grantor's right, title and interest in and to all proceeds recovered due to a casualty with respect to any Work; and

(c)  all proceeds of any and all of the foregoing Collateral.

SECTION 3. Substitution and Release of Collateral. (a) From time to time during the term of this Security Agreement, the Grantor shall have the right (i) to substitute one or more works of art for works of art that are then part of the Collateral (whereupon such substituted works shall become "Collateral" and "Works" for all purposes hereunder) and (ii) to withdraw Works from the security interest granted hereby, so long as the fair market value of the remaining Collateral is at least equal to the Amount then outstanding;

(b)  Whenever Grantor desires to substitute or withdraw Works from the Collateral, it shall provide to HNW a notice (a "Collateral Notice") (i) identifying the Work to be

DOC ID - 19442975.4                                                                                           Initial _____

substituted or withdrawn, (ii) in the case of a substitution of a Work, an appraisal from a respectable art dealer showing that the fair market value of the Work to be added to the Collateral is not less than the appraised value of the Work to be substituted for, and (iii) in the case of a withdrawal of a Work, a calculation showing that the appraised value of the Works to remain in the Collateral is not less than the outstanding Amount.

(c) Unless HNW reasonably objects with particularity to the substitution or withdrawal of a Work within five (5) business days from the Collateral Notice, Grantor shall be authorized to substitute or withdraw the Work in question and HNW shall be deemed to have released its security interest in the Work withdrawn from the Collateral;

SECTION 4. Covenants as to the Collateral. So long as any portion of the Amount shall remain outstanding:

(a) Condition of Works. The Grantor will cause the Works to be maintained and preserved in good condition.

(b) Insurance. The Grantor will, at its own expense, maintain insurance with respect to the Works in such amounts, against such risks (including, without limitation, theft, burglary and damage), in such form and with such insurers as Grantor may reasonably determine.

(c) Transfers and Other Liens. Except as provided in Section 3 above, the Grantor will not (i) sell, assign, exchange or otherwise dispose of any of the Collateral, or (ii) create or suffer to exist any lien, security interest or other charge or encumbrance upon or with respect to any of the Collateral except for the security interest created by this Agreement.

SECTION 5. Provision Concerning Financing Statements. If HNW files UCC financing statements with respect to the Works. HNW hereby agrees to execute and deliver to Grantor amendments to any then outstanding financing statements to reflect the substitution and/or withdrawal of a Work pursuant to Section 3.

SECTION 6. Remedies Upon Default. If the Grantor shall default in making payments of the Amount and such default shall be continuing, HNW may exercise in respect of the Collateral, in addition to other rights and remedies provided for herein or otherwise available to it, all the rights and remedies of a secured party on default under the Code.

SECTION 7. Notices, Etc. All notices and other communications provided for hereunder shall be in writing and shall be telecopied, or delivered, if to the Grantor, to his address specified below, and if to HNW, to it at its address specified below, or as to any such Person at such other address as shall be designated by such Person in a written notice to such other Persons complying as to delivery with the terms of this Section 7. All such notices and other communications shall be effective (i) if telecopied, when transmitted and receipt confirmed, or (ii) if delivered, when delivered.

DOC ID - 19442975.4

Initial _____

Initial _[handwritten initials]_

SECTION 8. <u>Miscellaneous</u>.

(a)     No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the Grantor and HNW.

(b)     Upon the satisfaction in full of the Amount, (i) this Agreement and the security interest created hereby shall terminate and all rights to the Collateral shall revert to the Grantor, and (ii) the Company will, promptly after the Grantor's written request, execute and deliver to the Grantor such documents as the Grantor shall reasonably request to evidence such termination.

(c)     This Agreement shall be governed by and construed in accordance with the law of the State of New York.

(d)     Any legal action or proceeding with respect to this Agreement may be brought in any New York State or United States Federal court located in the Borough of Manhattan, City and State of New York, and, by execution and delivery of this Agreement, HNW and the Grantor hereby accept the jurisdiction of the aforesaid courts. HNW hereby irrevocably waives any objection, including, without limitation, any objection to the laying of venue or based on the grounds of <u>forum non conveniens</u>, which it may now or hereafter have to the bringing of any such action or proceeding in such jurisdictions.

(e)     The Grantor and HNW each waives any right to a trial by jury in any action, proceeding or counterclaim concerning any rights under this Agreement, and agrees that any such action, proceeding or counterclaim shall be tried before a court and not before a jury.

IN WITNESS WHEREOF, the Grantor and HNW have caused this Agreement to be executed and delivered as of the date first above written.

          Art Assure Ltd. LLC

By: _____
    Name:
    Title: M Managing Member

Address:  136 East 74th Street
              New York, NY  10021


Telecopy No.:  212-472-7709

Telephone No.:  212-472-7770



HNW Family Office A.G.


By: _____
    Name:
    Title:

Address:  Seestrasse 77
              Postfach CH-8703, Erlenbach/Zurich


Telecopy No.:  41 44 914 4109

Telephone No.:  41 44 914 4100

## Schedule I

Zejtun (Malta Series #8) 1983 by Frank Stella

## SECURITY AGREEMENT

SECURITY AGREEMENT dated January 18, 2013, made by and between Art Assure Ltd. LLC (the "Grantor") and HNW Family Office, AG ("HNW").

W I T N E S S E T H :

WHEREAS, the Grantor and HNW are parties to an Agreement dated as of January 18, 2013 (the "Agreement");

WHEREAS, pursuant to the Agreement, the Grantor has agreed to make future payments to HNW in an aggregate principal amount of $707,415 (the "Amount");

WHEREAS, it is a condition precedent to the Agreement that the Grantor shall have executed and delivered to HNW a security agreement providing for the grant to HNW of a security interest in certain works of art that are owned by the Grantor;

NOW, THEREFORE, in consideration of the premises and the agreements herein, the Grantor and HNW hereby agree as follows:

SECTION 1. <u>Definitions</u>. All terms used in this Security Agreement which are defined in the Agreement or in Article 9 of the Uniform Commercial Code (the "Code") currently in effect in the State of New York and which are not otherwise defined herein shall have the same meanings as set forth therein.

SECTION 2. <u>Grant of Security Interest</u>. As collateral security for payment by the Grantor of the Amount in accordance with the Agreement, Grantor hereby grants to HNW a continuing security interest in the following (the "Collateral"), wherever located:

(a) all of the Grantor's right, title and interest in and to all the works of art identified on Schedule 1 hereto (which have been appraised at a fair market value in excess of the Amount), and any works that may be substituted therefor in accordance with Section 3 hereto (the "Works");

(b) all of the Grantor's right, title and interest in and to all proceeds recovered due to a casualty with respect to any Work; and

(c) all proceeds of any and all of the foregoing Collateral.

SECTION 3. <u>Substitution and Release of Collateral</u>. (a) From time to time during the term of this Security Agreement, the Grantor shall have the right (i) to substitute one or more works of art for works of art that are then part of the Collateral (whereupon such substituted works shall become "Collateral" and "Works" for all purposes hereunder) and (ii) to withdraw Works from the security interest granted hereby, so long as the fair market value of the remaining Collateral is at least equal to the Amount then outstanding;

(b) Whenever Grantor desires to substitute or withdraw Works from the Collateral, it shall provide to HNW a notice (a "Collateral Notice") (i) identifying the Work to be

substituted or withdrawn, (ii) in the case of a substitution of a Work, an appraisal from a respectable art dealer showing that the fair market value of the Work to be added to the Collateral is not less than the appraised value of the Work to be substituted for, and (iii) in the case of a withdrawal of a Work, a calculation showing that the appraised value of the Works to remain in the Collateral is not less than the outstanding Amount.

(c)  Unless HNW reasonably objects with particularity to the substitution or withdrawal of a Work within five (5) business days from the Collateral Notice, Grantor shall be authorized to substitute or withdraw the Work in question and HNW shall be deemed to have released its security interest in the Work withdrawn from the Collateral;

SECTION 4. Covenants as to the Collateral. So long as any portion of the Amount shall remain outstanding:

(a)  Condition of Works. The Grantor will cause the Works to be maintained and preserved in good condition.

(b)  Insurance. The Grantor will, at its own expense, maintain insurance with respect to the Works in such amounts, against such risks (including, without limitation, theft, burglary and damage), in such form and with such insurers as Grantor may reasonably determine.

(c)  Transfers and Other Liens. Except as provided in Section 3 above, the Grantor will not (i) sell, assign, exchange or otherwise dispose of any of the Collateral, or (ii) create or suffer to exist any lien, security interest or other charge or encumbrance upon or with respect to any of the Collateral except for the security interest created by this Agreement.

SECTION 5. Provision Concerning Financing Statements. If HNW files UCC financing statements with respect to the Works. HNW hereby agrees to execute and deliver to Grantor amendments to any then outstanding financing statements to reflect the substitution and/or withdrawal of a Work pursuant to Section 3.

SECTION 6. Remedies Upon Default. If the Grantor shall default in making payments of the Amount and such default shall be continuing, HNW may exercise in respect of the Collateral, in addition to other rights and remedies provided for herein or otherwise available to it, all the rights and remedies of a secured party on default under the Code.

SECTION 7. Notices, Etc. All notices and other communications provided for hereunder shall be in writing and shall be telecopied, or delivered, if to the Grantor, to his address specified below, and if to HNW, to it at its address specified below, or as to any such Person at such other address as shall be designated by such Person in a written notice to such other Persons complying as to delivery with the terms of this Section 7. All such notices and other communications shall be effective (i) if telecopied, when transmitted and receipt confirmed, or (ii) if delivered, when delivered.

DOC ID - 19442975.4

Initial

SECTION 8. <u>Miscellaneous</u>.

(a) No amendment of any provision of this Agreement shall be effective unless it is in writing and signed by the Grantor and HNW.

(b) Upon the satisfaction in full of the Amount, (i) this Agreement and the security interest created hereby shall terminate and all rights to the Collateral shall revert to the Grantor, and (ii) the Company will, promptly after the Grantor's written request, execute and deliver to the Grantor such documents as the Grantor shall reasonably request to evidence such termination.

(c) This Agreement shall be governed by and construed in accordance with the law of the State of New York.

(d) Any legal action or proceeding with respect to this Agreement may be brought in any New York State or United States Federal court located in the Borough of Manhattan, City and State of New York, and, by execution and delivery of this Agreement, HNW and the Grantor hereby accept the jurisdiction of the aforesaid courts. HNW hereby irrevocably waives any objection, including, without limitation, any objection to the laying of venue or based on the grounds of <u>forum non conveniens</u>, which it may now or hereafter have to the bringing of any such action or proceeding in such jurisdictions.

(e) The Grantor and HNW each waives any right to a trial by jury in any action, proceeding or counterclaim concerning any rights under this Agreement, and agrees that any such action, proceeding or counterclaim shall be tried before a court and not before a jury.

IN WITNESS WHEREOF, the Grantor and HNW have caused this Agreement to be executed and delivered as of the date first above written.

          Art Assure Ltd. LLC

By: _____
     Name:
     Title:

Address: 136 East 74th Street
             New York, NY 10021

Telecopy No.: 212-472-7709

Telephone No.: 212-472-7770

HNW Family Office A.G.

By: _____
     Name:    Dr. Michael Werner
     Title:     Director

Address: Seestrasse 77
             Postfach CH-8703, Erlenbach/Zurich

Telecopy No.: 41 44 914 4109

Telephone No.: 41 44 914 4100

<u>Schedule I</u>

Zejtun (Malta Series #8) 1983 by Frank Stella