UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HNW FAMILY OFFICE AG,

                Plaintiff,

– against –

ART ASSURE LTD., LLC,

                Defendant.

**OPINION & ORDER**

17 Civ. 7464 (ER)

RAMOS, D.J.:

      HNW Family Office AG brings this action against Art Assure Ltd., LLC for breach of contract and replevin. HNW seeks damages for the breach of contract and a writ of replevin for a piece of art. Before the Court is HNW's motion for summary judgment, Doc. 69. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND[1]

      HNW Family Office AG is a Swiss company that provides asset management, integrated asset advice, wealth management, and financial planning services. *See* Doc. 72 at ¶ 1. Art Assure Ltd., LLC is a company organized under the laws of Delaware that conducts business in New York City. Doc. 1 at ¶ 3. Art Assure finances the sale and purchase of art. Doc. 72 at ¶ 2.

      In 2010, HNW invested $3,000,000 with Art Assure under a subscription agreement. *See id.* at ¶ 3. At the time, Angela Berney was an employee of HNW, but she was not a party to the subscription agreement. *Id.* at ¶ 4. Art Assure claims, without

---

[1] Unless otherwise noted, all facts are undisputed and cite to the parties' Rule 56.1 Statements and Counterstatements, Docs. 72, 77.

proffering evidence, that Berney produced the subscription agreement and discussed its terms with Art Assure.[2]  *See* Doc. 77 at ¶ 3–4.

### A. 2013 Agreement

Shortly after the 2010 investment, a dispute arose between HNW and Art Assure. Doc. 72 at ¶ 5. Art Assure avers, without evidence, that the dispute arose from an Art Assure transaction approved by Berney that did not yield the anticipated result. *See* Doc. 77 at ¶ 5. On January 18, 2013, HNW and Art Assure entered a new agreement ("Agreement") to resolve their dispute. Doc. 72 at ¶ 6. Under the Agreement, Art Assure agreed to pay HNW a sum of $3,207,415 in a series of payments. *Id.*; *see* Doc. 71 at 7–12. First, upon execution of the Agreement, Art Assure would pay $2,500,000. *See* Doc. 71 at 7 ¶ 1. Thereafter, Art Assure would pay $100,000 on each of March 31, 2013, June 30, 2013, September 30, 2013, December 31, 2023, March 31, 2014, and June 30, 2014, and $107,415 on September 30, 2014. *See id.* The Agreement included a mutual release provision, whereby HNW and Art Assure released each other from any promises except those expressly set forth in the Agreement. *See id.* at 8 ¶ 4. The Agreement is governed by New York law and disputes are to be resolved in this District. *See id.* at 8 ¶ 6 (a).

The Agreement also required Art Assure to provide HNW with a "security interest in artwork having a fair market value at least equal to" the sum of their remaining payments. *See id*. at 7 ¶ 2. Accordingly, Art Assure and HNW entered a security agreement ("Security Agreement") dated January 18, 2013. *See id.* at 14–23. The Security Agreement provides that:

> As collateral security for payment by [Art Assure] of the Amount in accordance with the Agreement, [Art Assure] hereby grants to HNW

---

[2] In answering a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, litigants in this District are required by our Local Rules to specifically respond to the assertion of each purported undisputed fact by the movant and, if controverting any such fact, to support their position by citing to admissible evidence in the record.  *See* Local Rule 56.1(b)-(d); *see also* Fed. R. Civ. P. 56(c) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact).  Accordingly, when analyzing the instant motions, the Court will disregard averments in the parties' 56.1 Statements that are not supported by citations to admissible evidence in the record, or that are contradicted by other admissible evidence in the record, or that are improper legal arguments.

2

> a continuing security interest in the following (the "Collateral"), wherever located: (a) all of [Art Assure's] right, title and interest in and to all the works of art identified on Schedule 1 hereto . . .; (b) all of [Art Assure's] right, title and interest in and to all proceeds recovered due to a casualty with respect to any Work; and (c) all proceeds of any and all of the foregoing Collateral.

*See id.* at 14 §2. Schedule I of the Security Agreement identifies the collateral artwork as Zejtun (Malta Series #8) 1983 by Frank Stella (the "Stella Artwork"). *See id.* at 18.

Under the Security Agreement:

> [i]f [Art Assure] shall default in making payments of the Amount and such default shall be continuing, HNW may exercise in respect of the Collateral, in addition to other rights and remedies provided herein or otherwise available to it, all the rights and remedies of a secured party on default under the [Uniform Commercial] Code.

*See id.* at 15 §6. On May 23, 2013, HNW filed a UCC-1 financing statement with the Delaware Department of State regarding its security interest in the Stella Artwork. *See id.* at 25–30.

### B. Payment and Default

On or about January 22, 2013, Art Assure made its first payment pursuant to the Agreement in the amount of $2,500,000. *See* Doc. 72 at ¶ 17. On or about June 4, 2013, Art Assure made a payment to HNW in the amount of $50,000. *See id.* at ¶ 18. On or about June 11, 2013, Art Assure made another payment to HNW in the amount of $50,000. *See id.* at ¶ 19.

Since June 11, 2013, Art Assure has not made any other payments to HNW under the Agreement. *See id.* at ¶ 21. Accordingly, Art Assure paid just $2,600,000 of the $3,207,414 due to HNW, with $607,415 allegedly outstanding.[3] *See id.* at ¶¶ 23, 25. Art Assure contends that HNW "took funds of Ms. Berney as payment towards the [A]greement." *See* Doc. 77 at ¶ 20. Art Assure proffers no evidence for this claim. *Id.*

---

[3] Art Assure expresses confusion at this calculation because HNW references a $707,415 sum elsewhere in their 56.1 statement. *See* Doc. 77 at ¶ 25. The $707,415 sum refers to the amount outstanding following the initial $2,500,000 payment due under the Agreement. *See* Doc. 72 at ¶ 11. Art Assure made payments on June 4 and June 11, 2013, totaling $100,000, thereby bringing the sum down to $607,415. *See id.* at ¶ 18, 19.

3

In a sworn declaration, HNW CEO Michael Werner attests that no payments have been received from any other source in satisfaction of Art Assure's debt. *See* Doc. 71 at ¶ 27.

HNW notes that Art Assure "has also failed to turn over the Stella Artwork, as pursuant to the Security Agreement," citing Werner's sworn declaration. *See* Doc. 72 at ¶ 27. Art Assure claims, without evidence, that they have repeatedly offered to provide the Stella Artwork to HNW, who has not accepted. *See* Doc. 77 at ¶ 27.

### C.  Procedural History

Plaintiff HNW filed suit against Defendant Art Assure on September 29, 2017. *See* Doc. 1. In its complaint, HNW asserts claims for breach of contract and replevin. *See id.* HNW seeks damages, an award of costs in prosecuting this action, and a writ of replevin. *Id.* at ¶¶ 30–44.

Art Assure did not file any response to HNW's complaint for over three years. On October 8, 2020, the Clerk of the Court issued a certificate of default against Art Assure. *See* Doc. 11. On October 26, 2020, Art Assure wrote to the Court for the first time, opposing the entry of default judgment. *See* Doc. 13. In its letter, Art Assure attached an October 2017 email where HNW agreed to toll the time allotted for Art Assure to answer the complaint. *See id.* at 4–7. On November 9, 2020, the Court issued an order to show cause as to why a default judgment should not be entered against Art Assure. Doc. 21. The order called for Art Assure to appear at a December 10, 2020 hearing, which was later rescheduled to April 8, 2021. *See id.* At the April 8, 2021 show cause hearing, the Court did not enter a default judgment, and instead directed the parties to submit a joint civil discovery plan. Docket Annotation, April 8, 2021. On January 12, 2022, Art Assure answered the complaint. Doc. 40. In their answer, Art Assure raised eleven affirmative defenses, of which they only continue to assert unclean hands.[4] *See id.* at ¶¶ 46–56.

---

[4] Because "Defendant[] did not assert [these other] defenses in [their] brief in opposition to Plaintiff's motion for summary judgment, the defenses are waived" for purposes of this motion. *Blue Castle (Cayman) LTD v. 1767 TP Ave LLC*, No. 22 Civ. 9577 (DEH), 2024 WL 4135194, at *5 (S.D.N.Y. Sept. 10, 2024) (internal quotation marks omitted) (collecting cases).

On November 25, 2022, Art Assure requested judicial intervention due to a discovery impasse. *See* Doc. 49. Art Assure sought to compel discovery from HNW regarding its dealings with Berney, among other investments and transactions. *See* Doc. 51 at 2. At a November 30, 2022 conference, the Court directed Art Assure to submit documents establishing a good faith basis for their requests. Docket Annotation, November 30, 2022. On December 12, 2022, Art Assure submitted a letter to the Court alleging that HNW used funds from Berney to make itself whole for the debt outlined in the Agreement. *See* Doc. 52. In furtherance of their claim, Art Assure appended several emails where Berney discusses HNW's initial 2010 investment in Art Assure. *See* Doc. 52-1. The emails, however, precede the creation—let alone the alleged breach—of the 2013 Agreement at issue here. *See id*. HNW responded on December 21, 2022, conceding that Berney invested approximately $30,000 of her own funds in connection with the 2010 Subscription Agreement, but noting that she was repaid in 2013, and had no interest or stake in the 2013 Agreement. *See* Doc. 58 at 2. HNW included a declaration from CEO Michael Werner with their response. *See* Doc. 58-1. The declaration attests to Berney's repayment and lack of interest in the 2013 Agreement. *See id.* at ¶¶ 6–9. On December 22, 2022, the Court denied Art Assure's request to compel HNW to comply with the various discovery requests regarding Berney. *See* Doc. 59.

On January 5, 2024, HNW informed the Court that the parties had completed discovery. *See* Doc. 64. On March 8, 2024, HNW moved for summary judgment on both the breach of contract and replevin claims made in the complaint. Doc. 69. HNW seeks money damages in the amount of $607,415, plus prejudgment interest, and a writ of replevin. *See* Doc. 70 at 13–14. In their memorandum in favor of summary judgment, HNW also, for the first time, seeks foreclosure of the Stella Artwork as an alternative to their replevin claim. *See id.* at 14 n.2. Responding to the motion on April 3, 2024, Art Assure concedes that they did not make any payments beyond the three payments totaling $2,600,000, as required by the Agreement. *See* Doc. 77 at ¶ 21. Art Assure raises the

equitable defense of unclean hands, alleging that its debt was already satisfied with funds from Berney. *See* Doc. 76. HNW filed their reply on April 18, 2024, arguing that the unclean hands defense is limited to equitable claims, and that Art Assure provides no evidentiary basis for its claim that Berney satisfied the debt owed to HNW. *See* Doc. 80 at 4–5. On April 26, 2024, Art Assure wrote to the Court reiterating its questions about Berney's dealings with HNW.[5] *See* Doc. 81.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is material if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and

---

[5] On April 29, 2024, HNW asked the Court to disregard Art Assure's April 26 letter as an improper sur-reply. Doc. 82. "It is this Court's policy not to accept supplemental submissions with respect to pending motions, filed without permission." *Bisesto v. Uher*, No. 19 Civ. 1678 (KMK), 2019 WL 2537452, at *2 (S.D.N.Y. June 20, 2019) (collecting cases). Accordingly, because it was made without prior permission, the Court will not consider this submission.

draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or speculation. *Ridinger v. Dow Jones & Co.*, 651 F.3d 309, 317 (2d Cir. 2011). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–57 (1986)).

For claims under New York law, the Court should determine how the New York Court of Appeals would decide them. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007) (citation omitted). Decisions from New York's intermediate appellate courts are "helpful indicators," but this Court is not bound by those decisions. *Id.*

### III. DISCUSSION

HNW seeks summary judgment on its breach of contract and replevin claims. *See* Doc. 69. The Court considers each in turn.

#### A. Breach of Contract

HNW argues that it is entitled to summary judgment on its breach of contract claim because the undisputed record shows that Art Assure failed to make a number of payments outlined in the Agreement. *See* Doc. 70 at 11–12. "Under New York law, an action for breach of contract requires that a plaintiff establish '(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages.'" *Donohue v. Cuomo*, 980 F.3d 53, 67 (2d Cir. 2020) (quoting *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011)).

The elements of the breach of contract claim are not at issue here. Art Assure does not dispute that the parties entered an Agreement on January 18, 2013 in which Art Assure agreed to pay a sum of $3,207,415, or that HNW adequately performed its

7

obligations, such as the mutual release of prior claims. *See* Doc. 77 ¶ 6; *Cf. Gupta v. Headstrong, Inc.*, No. 17 Civ. 5286 (RA), 2019 WL 4256396, at *4 (S.D.N.Y. Sept. 9, 2019) (noting that a "mutual release provides sufficient consideration to effectuate the [g]eneral [r]elease") (alteration in original) (citation omitted). Art Assure also does not dispute that they failed to make the June 30, 2013, September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, or September 30, 2014 payments pursuant to the Agreement. *See See* Doc. 77 at ¶¶ 21–22. Thus, Art Assure failed to perform its core obligation under the Agreement—namely, paying a total of $3,207,415 to HNW—and the Agreement was clearly breached. As a result of Art Assure's breach, HNW was damaged at least in the amount of the outstanding $607,415. Taken together, there is no genuine dispute that Art Assure breached the contract, and HNW is entitled to judgment as a matter of law.

Art Assure attempts to avoid its liability by asserting that HNW's action is barred by their unclean hands. *See* Doc. 76 at 1. The doctrine of unclean hands holds that "the equitable powers of th[e] court can never be exerted on behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage." *Balderramo v. Go N.Y. Tours Inc.*, 668 F. Supp. 3d 207, 232 (S.D.N.Y. 2023) (quoting *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004)). Unclean hands is not available as a defense, however, where legal rather than equitable relief is sought. *See Dayton Superior Corp. v. Marjam Supply Co.*, No. 7 Civ. 5215 (DRH) (WDW), 2011 WL 710450, at *18 (E.D.N.Y. Feb.22, 2011) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir.2005)) ("[W]hen a party 'seeks damages in an action at law, [a defendant] cannot avail itself of unclean hands as a defense.'"); *cf. Hudson View II Assocs. v. Gooden*, 644 N.Y.S.2d 512, 516 (App. Div. 1996) (citation omitted) ("A cause of action seeking money damages for breach of contract is quintessentially an action at law."). HNW seeks to recover money damages for Art Assure's breach of contract, and hence the claim is made at law. *See* Doc. 1 at ¶

33. Moreover, as discussed below, Art Assure's unclean hands defense is unsubstantiated. Thus, Art Assure's assertion of unclean hands fails, and summary judgment is GRANTED to HNW on the breach of contract claim.

### B. Replevin

HNW seeks a writ of replevin for the Stella Artwork.[6]  *See* Doc. 70 at 14.  Art Assure argues that replevin is barred by the doctrine of unclean hands.  *See* Doc. 76 at 1–3.  HNW contests that, as an equitable defense, unclean hands does not apply to its claims.  *See* Doc. 80 at 4.  While replevin is an action at law, it is imbued with equitable principles.  *Cf.* 10 Weinstein, Korn & Miller, *NY Civ. Prac.* ¶ 5104.11 (2024) ("courts have long recognized the remedy of 'equitable replevin,' a doctrine that . . . requires . . . unconditionally that the property be returned.").  Accordingly, equitable defenses, such as unclean hands, have been applied to claims for replevin.  *See, e.g., Gunn v. Sobucki*, 837 N.E.2d. 865, 874 (Ill. 2005) (applying unclean hands to a replevin claim because "equitable principles have been held to apply to replevin proceedings.").

Assuming without deciding that the doctrine of unclean hands is applicable to HNW's claim for replevin, Art Assure's unclean hands defense still fails.  To prevail on such a defense, Art Assure must establish that HNW is (1) "guilty of immoral, unconscionable conduct" which (2) "is directly related to the subject matter in litigation" and (3) injured the defendants.  *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 122 (S.D.N.Y. 2020) (citation omitted).  Art Assure contends that HNW "converted"

---

[6] Alternatively, HNW seeks foreclosure of the Stella Artwork.  *See* Doc. 70 at 14 n.2.  However, HNW first raises this alternative in their motion for summary judgment.  *See id.*  Accordingly, the foreclosure claim is not properly before the Court.  HNW "may not amend [their] Complaint through summary judgment briefing long after the close of discovery."  *Villafane v. City of New York*, No. 20 Civ. 7357 (MKV), 2023 WL 2647647, at *6 (S.D.N.Y. Mar. 27, 2023) (collecting cases).  "A motion for summary judgment is not the appropriate place to present new claims which effectively amend the complaint," and the Court declines "to grant plaintiff[] leave to amend *sua sponte* 'without being asked to do so.'"  *Cardenas v. Edita's Bar & Rest., Inc.*, No. 17 Civ. 5150 (RPK), 2021 WL 4480570, at *11 (E.D.N.Y. Sept. 30, 2021) (quoting *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006)).

9

funds from Berney to satisfy the debt owed pursuant to the Agreement. *See* Doc. 76 at 1. Art Assure thus argues that HNW aims to be paid twice for the same debt through this litigation. *See id.* at 3. Art Assure, however, does not proffer any evidence that supports its allegation. *See* Doc. 77 at ¶ 26.

Art Assure argues, rather confoundingly, that the absence of evidence for its unclean hands defense creates a question of material fact, thereby precluding summary judgment. *See id.* However, to oppose a motion for summary judgment, a party may not rely on "conclusory statements, conjecture, and inadmissible evidence[.]" *Ridinger*, 651 F.3d at 317 (quoting *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 151 2d Cir (2007)). "Before a district court can draw all ambiguities and inferences in favor of the non-moving party, as it must do at the summary judgment stage, that party is still required to 'offer some hard evidence showing that its version of the events is not wholly fanciful.'" *Windward Bora LLC v. Browne*, 110 F.4th 120, 131 n.13 (2d Cir. 2024) (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)). Art Assure fails to do so. Meanwhile, HNW references a sworn declaration from its CEO attesting that no funds have been received from other sources in satisfaction of Art Assure's debt. *See* Doc. 72 at ¶ 26. Where, as here, "facts stated in a party's Local Rule 56.1 Statement are supported by testimonial or documentary evidence, and denied with only a conclusory statement by the other party, the Court finds such facts to be true." *See Costa v. Deutsche Bank Nat'l Tr. Co.*, 247 F. Supp. 3d 329, 332 n.1 (S.D.N.Y. 2017) (citing Local Rule 56.1(c), (d)); *compare* Doc. 72 at ¶ 26, *with* Doc. 77 at ¶ 26. Thus, for the purposes of resolving this motion, the Court cannot find that HNW has converted Berney's funds in satisfaction of Art Assure's debt, and Art Assure's unclean hands defense fails to overcome the replevin claim.

Turning to the merits of the claim, under New York law, "[r]eplevin is a remedy employed to recover [] specific, identifiable item[s] of personal property." *TAP Manutencao e Engenharia Brasil S.A. v. Int'l Aerospace Grp., Corp.*, 127 F. Supp. 3d

202, 211 (S.D.N.Y. 2015) (quoting *Heckl v. Walsh*, 996 N.Y.S.2d 413, 414 (4th Dep't 2014)).  As HNW acknowledges, to succeed on a replevin claim, "a party must show (1) that it has a superior possessory right to the chattel, and (2) that it made a demand for possession of the chattel from the defendant."  *Douglas v. Harry N. Abrams, Inc.*, No. 13 Civ. 2613 (VSB), 2018 WL 1406616, at *5 (S.D.N.Y. Mar. 19, 2018) (quoting *Press Access LLC v. 1800 Postcards, Inc.*, No. 11 Civ. 1905 (KBF), 2012 WL 4857547, at *1 (S.D.N.Y. Oct. 9, 2012)); *see* Doc. 70 at 13.

"Demand for the return of chattel is thus a necessary element to a claim of replevin."  *Press Access*, 2012 WL 4857547, at *1 (citing *Solomon R. Guggenheim Found. v. Lubell*, 569 N.E.2d 426, 429 (N.Y. 1991)).  HNW does not, however, establish that it has demanded the Stella Artwork from Art Assure.  In its complaint, HNW alleges that Art Assure "has failed to deliver the Stella Artwork to" HNW.  Doc. 1 at ¶ 40.  The declaration from HNW's CEO, which HNW relies on in its statement of undisputed material facts, similarly claims that Art Assure "has also failed to turn over the Stella Artwork, as pursuant to the Security Agreement."  *See* Doc. 71 at ¶ 28; Doc. 72 at ¶ 27.  However, these statements do not demonstrate, as a matter of law, that HNW has *demanded* the Stella Artwork from Art Assure.  *Cf. Press Access*, 2012 WL 4857547, at *2 (granting Defendant's motion for summary judgment against Plaintiff's replevin claim on account of insufficient substantiation that Plaintiff demanded the chattel).  Accordingly, resolving this ambiguity in favor of Art Assure, the motion for summary judgment is DENIED as to HNW's replevin claim.

## IV. CONCLUSION

For the reasons set forth above, HNW Family Office AG's motion for summary judgment is GRANTED in part and DENIED in part. The motion is GRANTED as to the breach of contract claim, and is otherwise DENIED.

By no later than February 5, 2025, HNW shall file with the Court a proposed form of judgment as to the $607,415 due, together with its claimed accrued interest. Art Assure shall by February 12, 2025, file any objections.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 69.

It is SO ORDERED.

Dated:   January 15, 2025
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.